[S. F. No. 10242. In Bank.—December 19, 1922.]

In the Matter of the Estate of JOHN SULLIVAN, etc., Deceased. DENNIS SULLIVAN et al., Appellants, v. THE STATE OF CALIFORNIA, Respondent.

[1] ESTATES OF DECEASED PERSONS—HEIRSHIP—SUFFICIENCY OF EVI-
DENCE.—On this appeal from a decree denying distribution of an estate to an alleged brother, sister and children of a deceased sister of the intestate and distributing the same to the state under the provisions of section 1269 of the Code of Civil Procedure, the testimony of the neighbors of the deceased as to statements made by him as to his boyhood and family relations and the depositions of the alleged brother and sister were sufficient to establish their heirship, in the absence of any indication or intimation of collusion between the two sets of witnesses, who were separated at all times by the width of the continent, although the claimants were informed before their depositions were taken as to what facts could be shown by the other witnesses.

APPEAL from a decree of the Superior Court of Marin County denying distribution. E. I. Butler, Judge. Reversed.

The facts are stated in the opinion of the court.

Byrne & Lamson, Wesley W. Kergan and Gerald C. Halsey for Appellants.

U. S. Webb, Attorney-General, and Frank L. Guerena, Deputy Attorney-General, for Respondent.

SLOANE, J.—The appeal in this matter is from a decree of the superior court of Marin County denying distribution of the estate of decedent to appellants.

The appellants claim as heirs at law and next of kin of decedent. The only question presented is as to the sufficiency of the evidence introduced on the hearing to establish such heirship.

The claimants are Dennis Sullivan, Annie Sullivan Glennon, alleged brother and sister of decedent, and three children of Mary Ann O'Brien, alleged to be a deceased sister of decedent.

It is not disputed that the establishment of this relationship would entitle the appellants to this estate as next of kin to the decedent.

The court held the evidence insufficient, denied the claim of appellants, and there being no other claimants, distributed the estate to the state of California, under the provisions of section 1269 of the Code of Civil Procedure.

There was no conflict in the evidence as given in testimony, and if accepted as true we are satisfied it was sufficient to establish the heirship as claimed.

John Sullivan, the decedent, lived for many years in California, first in San Francisco, and latterly at Novato, Marin county. He died August 3, 1920. All that is disclosed as to his early history and family is gleaned from the testimony of several of his neighbors in Marin County, who testified as to statements made by the decedent on various occasions as to his boyhood and family relations.

His own story of his boyhood and family, repeated in substantially the same way to the several witnesses, is that he was born and lived as a small boy at Bandon, county Cork, Ireland. The witnesses did not learn from him his father's name, but he gave his mother's name as Ellen. The family came to the United States when he was quite young and landed in Boston. That he had a brother named Dennis and two sisters, one named Annie and the other named Mary. That he learned the painter's trade in Boston. That when about sixteen years of age or thereabouts he enlisted in the United States navy, and that after a few months' service there he was released from the service, his father having "bought him out," as he expressed it. That soon after he ran away, working his way overland to California, where he had lived ever since. That he had not communicated with his family for about fifty years. That he was related to the pugilist, John L. Sullivan.

This brief personal narrative from the decedent's own lips furnishes competent evidence, and was received and repeated by the witnesses under circumstances which support its genuineness.

The connecting story offered on behalf of the claimants to establish their relationship was furnished through the depositions of appellants, Dennis Sullivan and Annie Sullivan Glennon. Dennis Sullivan testified that he was born in

Boston in 1858. That his father's name was John and his mother's name was Ellen. That his parents came from county Cork, Ireland, and located in Boston. That Annie Sullivan Glennon is his sister and that they had another sister, Mary O'Brien, who died, and who was the mother of the other claimants, and a brother John, who was born in Bandon, county Cork, Ireland. That John entered the navy in 1872. That deponent remembered his father telling him that he bought John off from the navy. That soon after, when about eighteen years of age, John ran away from home, and that he eventually ended up in California, having left Boston on a merchant vessel. Their father was a cousin of John L. Sullivan, the pugilist.

Annie Sullivan Glennon testified that she was born in Boston in 1856. That she had one brother living, Dennis, one brother, the decedent, was dead. That there were two other sisters, one Mary Ann, born about 1846, who died in 1915, and a sister Margaret, who was born in 1858 and died one year later. Their father was John Sullivan and their mother Ellen Mahoney Sullivan. Their father was born in County Cork, Ireland. The witness produced a photograph purporting to be of this brother, John, in the uniform of the navy. She testified that after the death of their mother, in Boston in 1860, John lived with his sister, Mary Ann, until he enlisted in the navy in 1872. While in the navy he was stationed at Portsmouth, N. H., for a short time, until his father had him released. That to the best of her knowledge John was born in Bandon, County Cork, Ireland, somewhere in the middle of the 1850's. He learned the trade of a carriage painter while in Boston. Soon after leaving the navy John left Boston in a sailing vessel, and they never heard of him after excepting incidentally to the effect that he was in California.

This is a meager biography, but if the points of identity in the two narratives are sufficiently established there can be no doubt that the decedent, John Sullivan, was the same person as the John Sullivan testified to as the brother and uncle of the claimants.

There is not much, perhaps, in the name, John Sullivan, from county Cork, to establish identity, but when we have the circumstance that according to both stories he was born in Bandon, that the mother's name was Ellen, that the

family migrated to Boston, that there were two sisters, Mary and Annie, and a brother, Dennis, that John was a painter by trade, that he served for a short time in the navy, and was "bought off" by his father, and afterwards ran away from home, and had no further communication with his family, although reputed to be in California, was related to the pugilist, and that the ages disclosed by the two narratives, though not explicitly stated, appear from the connecting incidents to closely correspond, we have circumstantial proof which approaches certainty.

[1] It is only by rejecting some material part of this testimony as unworthy of belief that the conclusion indicated can be avoided.

There might be collusion between the two sets of witnesses, but there is no indication or intimation of this in any part of the record. The circumstance seems to be that the width of the continent at all times separated the two sets of witnesses.

The depositions of the claimants had been taken long in advance of the oral testimony of the California witnesses, and presumably the depositions were not brought to the attention of the witnesses at the trial in advance of the hearing. There was no motive to influence the witnesses who gave oral testimony to deviate from the truth. The only theory of impeachment that can be suggested is that the claimants were informed before their depositions were taken as to what facts could be shown by decedent's neighbors, and that they shaped their depositions accordingly.

We do not believe that in the absence of any intimation or showing to raise such a suspicion that such a presumption could be indulged by the court to reject evidence otherwise competent and convincing.

The judgment is reversed.

Wilbur, J., Waste, J., Shurtleff, J., Lennon, J., Shaw, C. J., and Lawlor, J., concurred.